1

2

3

4

5

6

7

8 IN THE UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10 CHRISTINA B. SHUKRY,

11         Petitioner,           No. CIV S-10-2724 WBS DAD P

12    vs.

13 WALTER MILLER,

14         Respondent.       FINDINGS AND RECOMMENDATIONS

15 _____/

16         Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17 corpus pursuant to 28 U.S.C. § 2254.  Therein, petitioner challenges a 2007 judgement of

18 conviction and twenty year prison sentence entered against her in the Sacramento County

19 Superior Court following her plea of no contest to carjacking, burglary, robbery and related

20 offenses.  Before the court is respondent's motion to dismiss the petition on the grounds that it

21 was filed beyond the applicable one-year statute of limitations.  Petitioner has filed an opposition

22 to the motion and respondent has filed a reply.

23 /////

24 /////

25 /////

26 /////

1

**BACKGROUND**

On February 2, 2007, petitioner appeared in the Sacramento County Superior Court and was sentenced to a determinate state prison term of twenty years. (Lod. Doc. 1.[1]) Petitioner did not appeal her judgment or conviction and sentence. However, petitioner filed the following four post-conviction petitions seeking habeas relief in state court:

**First Petition**

| | |
|---|---|
| March 3, 2008[2] | Petition for writ of habeas corpus filed with the Sacramento County Superior Court. (Lod. Doc. 2.) Therein, petitioner claimed that she received ineffective assistance of counsel due to the frequent substitutions of counsel and due to her counsel's failure to provide the court with hospital records which would have supported her placement in a substance abuse program rather than in state prison. |
| July 21, 2008 | Petition denied. (Lod. Doc. 3.) |

**Second Petition**

| | |
|---|---|
| February 23, 2009 | Petition for writ of habeas corpus filed with the California Court of Appeal for the Third Appellate District. (Lod. Doc. 4.) Therein, petitioner claimed that her counsel failed "to introduce critical mitigating evidence at sentencing hearing." (Id. at 3.) |
| March 5, 2009 | Petition denied. (Lod. Doc. 5.) |

**Third Petition**

| | |
|---|---|
| April 6, 2009[3] | Petition for review filed with the California Supreme Court. (Lod. Doc. 6.) |
| June 10, 2009 | The petition for review was summarily denied. (Lod. Doc. 7.) |

---

[1] Respondent's documents in support of the motion to dismiss were lodged with the court on January 7, 2011.

[2] With respect to each of the state habeas petitions filed by petitioner, the court has applied the mailbox rule, using the date the petition was signed by petitioner as the filing date. See Houston v. Lack, 487 U.S. 266, 276 (1988); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010).

[3] This is the date the petition for review was filed in the California Supreme Court. The one-page petition was not dated by petitioner and there is no proof of service attached to the copy of the petition for review lodges with this court.

1   **Fourth Petition**

2   May 25, 2010          Petition for writ of habeas corpus filed with the Sacramento
                          County Superior Court.  Therein, petitioner claimed that "[t]he trial
3                         court erred by failing to stay punishment on Count 15 enhancement
                          (regarding separate victim rule) pursuant to both section 654 of the
4                         Penal Code and § 12022.53(f)[.]"  (Lod. Doc. No. 8.)

5   July 20, 2010          Petition denied.  (Lod. Doc. No. 9.)

6         Petitioner's federal habeas petition is dated September 13, 2010.  (Doc. No. 1 at

7   12.)  Therein, petitioner claims that she received ineffective assistance of counsel.

8                          **RESPONDENT'S MOTION TO DISMISS**

9   I.  Respondent's Argument

10        Respondent contends that petitioner's judgment of conviction became final on

11  April 3, 2007, sixty days after she was sentenced and the time for her filing of a direct appeal had

12  expired.  According to respondent, the statute of limitations for petitioner's filing of a federal

13  habeas petition began to run the following day on April 4, 2007 and expired on April 3, 2008,

14  plus any time for tolling.  (MTD (Doc. No. 14) at 3.)

15        Respondent points out that there is some reason to doubt whether petitioner is

16  entitled to statutory tolling for the time her first state habeas petition was pending before the

17  Sacramento County Superior Court.  (Id.)  Respondent notes that while the petition was dated

18  March 3, 2008, it was not filed by the Sacramento County Superior Court until June 16, 2008.

19  (Id. at 3-4.)  Without conceding the issue, respondent assumes for the sake of argument that the

20  first state petition was delivered to prison officials on the signature date (March 3, 2008) and that

21  the statute of limitations for the filing of a federal habeas petition was tolled until July 21, 2008,

22  the date the superior court denied relief.  (Id. at 4.)  Thus, according to respondent, petitioner's

23  first state habeas petition tolled the federal statute of limitations for 140 days, extending the

24  limitations period for the filing of her federal habeas petition to August 21, 2008.  (Id.)

25        Respondent observes that petitioner's next petition was not filed with the

26  California Court of Appeal until February 23, 2009, over six months after the statute of

3

1  limitations for the filing of a federal habeas petition expired.  (Id.)  Respondent contends that

2  petitioner's filing of her second through fourth state habeas petitions after the statute of

3  limitations for seeking federal habeas relief had expired does not restart the clock or save her

4  claims from being time-barred.  (Id.)  According to respondent, the petitioner's second through

5  fourth state habeas petitions fail to extend the statute of limitations because they were filed after

6  the federal statute of limitations expired.  (Id.)

7  II.  Petitioner's Opposition (Doc. No. 16)

8           Petitioner agrees with the filing dates respondent has provided with respect to her

9  state habeas petitions, except for the filing date of her the third petition with the California

10  Supreme Court.  With respect to that petition, petitioner clarifies that her petition for review was

11  filed with the California Supreme Court on April 6, 2009, not February 23, 2009.  (Opp'n at 2.)

12  Regarding statutory tolling of the limitations period for seeking federal habeas relief, petitioner

13  argues that because her state petitions were properly filed and the first petition was filed before

14  the statute of limitations for the filing of a federal habeas petition had expired, the entire period

15  of time from the filing of her first habeas petition in the Sacramento County Superior Court to

16  the date the California Supreme Court issued its decision denying relief (presumably June 10,

17  2009) should be tolled.  (Id. at 4-5.)

18  III.  Respondent's Amended Reply (Doc. No. 18)

19           Respondent argues that petitioner is not entitled to tolling for the entire period that

20  she had petitions pending in the state courts.  Specifically, respondent contends that petitioner is

21  not entitled to statutory tolling for the interval of time between the denial of her first state habeas

22  petition by the Sacramento County Superior Court on July 21, 2008, and the filing of her second

23  state habeas petition with the California Court of Appeal on February 23, 2009, because the

24  approximately seven month interval between those dates constitutes unreasonable delay on

25  petitioner's part.  (Reply at 3.)  Respondent also notes that petitioner has failed to adequately

26  explain her delay in seeking habeas relief from the state courts but instead has made only vague

1  reference to "'hardships' such as prison lockdowns, legal material availability and access, and

2  legal knowledge." (Id. at 4.)  These explanations, according to respondent, are insufficient and

3  have been rejected by the courts as a basis for statutory tolling.  (Id.)

4            Respondent also argues that there can be no tolling of the statute of limitations

5  applicable to the filing a federal habeas petition for the period after the denial of petitioner's

6  petition for review by the California Supreme Court because petitioner's fourth state petition was

7  filed in the Sacramento County Superior Court.  (Id.)  Respondent notes in this regard that

8  petitioner did not ascend up the state court hierarchy.  (Id.)  In addition, respondent argues, the

9  time interval between the denial of petitioner's third petition by the California Supreme Court

10  and the filing of her fourth state petition, was 349 days which is both unreasonable and

11  unjustified.  (Id.)

12            Finally, respondent contends, even if there was continuous tolling from the filing

13  of petitioner's first habeas petition with the Sacramento County Superior Court  on March 3,

14  2008 to the date the California Supreme Court denied her petition for review  on June 10, 2009,

15  petitioner's federal habeas petition would still be untimely.  Respondent observes that even under

16  this alternate calculation, petitioner would enjoy 464 days of continuous tolling, but the one-year

17  statute of limitations for the filing of a federal habeas petition would still have expire on July 11,

18  2009.  (Id. at 5.)  Since her federal habeas petition was not filed until September 13, 2010,

19  petitioner's federal petition would still be time-barred.  (Id.)

**ANALYSIS**

21  I.  AEDPA Statute of Limitations

22            On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244

23  by adding the following provision:

24                (d)(1)  A 1-year period of limitation shall apply to an application
                 for a writ of habeas corpus by a person in custody pursuant to the
25                judgment of a State court.  The limitation period shall run from the
                 latest of –

26  /////

5

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition.  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II.  Application of § 2244(d)(1)(A)

Petitioner's judgment of conviction became final on April 3, 2007, sixty days after she was sentenced and the time for seeking review of the judgment had expired.  See Cal. Rules of Court, Rule 8.308 ("[A] notice of appeal and any statement required by Penal Code section 1237.5 must be filed within 60 days after the rendition of the judgment[.]").  Therefore, the statute of limitations for petitioner's filing of a federal habeas petition began to run the next day or April 4, 2007, and expired on April 3, 2008, plus any time for tolling.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

III.  Application of § 2244(d)(2)

As noted above, the AEDPA statute of limitations began to ran on April 4, 2007, the day after the judgment became final, and continue to run until March 3, 2008, when petitioner

1  filed her first state petition in the Sacramento County Superior Court.  There is no statutory

2  tolling for this period of time since there was no state habeas petition "pending" before a state

3  court.  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Thus, 334 days of AEDPA's one-

4  year statute of limitations had expired before petitioner first sought collateral revue in state court,

5  leaving her with only 31 additional days to file her federal petition not including any additional

6  time for tolling.

7         In his reply respondent accurately states that even if petitioner were awarded

8  continuous tolling of the AEDPA statute of limitations for the entire period from the filing of her

9  first state habeas petition in the Sacramento County Superior Court on March 3, 2008 to the date

10 the California Supreme Court denied her petition for review on June 10, 2009, a total of 464 days

11 of tolling, her federal habeas petition is still time-barred.  The 464 days of tolling would merely

12 extend the statute of limitations for the filing of a federal habeas petition to July 11, 2009.[4]

13 However, petitioner's federal habeas petition was not filed until September 13, 2010, over

14 fourteen months after the limitations period for doing so had expired even under the most

15 generous tolling calculation.[5]  Moreover, petitioner's filing of her fourth state petition in the

16 Sacramento County Superior Court on May 25, 2010, long after the statute of limitations for

17 seeking federal habeas relief had expired, cannot revive that statute of limitations.  Fergusen v.

18 /////

19         [4] The one-year AEDPA statute of limitations would have expired on April 3, 2008,

20 without any tolling.  If 464 days of tolling are added to the one-year statute of limitations, the
   deadline for petitioner to seek federal habeas relief would be extended to July 11, 2009.

21         [5] It appears clear that petitioner would not, in fact, be entitled to such a generous tolling

22 calculation, since the Ninth Circuit has now held that unexplained delays of 81, 91, 101, 115 and
   146 days by California prisoners in seeking state habeas relief from the next highest state court is

23 unreasonable for purposes of statutory tolling of the AEDPA statute of limitations.  Velasquez v.
   Kirkland, 639 F.3d 964, 968 (9th Cir. 2011); Banjo v. Ayers, 614 F.3d 964, 970 (9th Cir. 2010);

24 Chaffer v. Prosper, 592 F.3d 1046, 1048 & n.1 (9th Cir. 2010) (noting that the California
   Supreme Court denied certification of the question when the Ninth Circuit sought guidance on

25 the issue under California law).  The gap between the Sacramento County Superior Court's
   denial of petitioner's first state habeas petition on July 21, 2008 and her filing of her next habeas

26 petition with the California Court of Appeal on February 23, 2009, was over seven months.

1   Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.

2   2001).

3           Finally, petitioner has not satisfied her burden of showing that she is entitled to

4   any equitable tolling of the AEDPA statute of limitations.  See Holland v. Florida, ___ U.S. ___,

5   ___, 130 S. Ct. 2549, 2562 (2010) ("[A] 'petitioner' is 'entitled to equitable tolling' only where

6   he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

7   circumstance stood in his way' and prevented timely filing.") (quoting Pace v. DiGuglielmo, 544

8   U.S. 408, 418 (2005)).  As respondent points out, petitioner has made only vague references to

9   hardships common to all prisoners in claiming she was impeded from timely filing her federal

10  habeas petition.  Such conclusory assertions, which fail to link the claimed extraordinary

11  circumstances to the failure to timely file a petition, are insufficient.  See Ramirez v. Yates, 571

12  F.3d 993, 997-98 (9th Cir. 2009).

13                                  CONCLUSION

14          Accordingly, IT IS HEREBY RECOMMENDED that:

15          1.  Respondent's December 17, 2010 motion to dismiss (Doc. No. 14) be granted;

16  and

17          2.  This action be dismissed as time-barred under the one-year statute of

18  limitations provided in 28 U.S.C. § 2244(d).

19          These findings and recommendations are submitted to the United States District

20  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

21  one days after being served with these findings and recommendations, any party may file written

22  objections with the court and serve a copy on all parties.  Such a document should be captioned

23  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

24  shall be served and filed within seven days after service of the objections.  The parties are

25  /////

26  /////

advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 13, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
shuk2724.mtd

9